UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 11-cr-30018-MAP |
| | ) | |
| LUIS APONTE, | ) | |
| Defendant. | ) | |
| | | |
| LUIS APONTE, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 16-cv-30103-MAP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

MEMORANDUM AND ORDER REGARDING
MOTION TO CORRECT SENTENCE
UNDER 28 U.S.C. § 2255
(Dkt. No. 51)

September 22, 2016

PONSOR, U.S.D.J.

On June 23, 2011, the grand jury returned an indictment charging Defendant with two counts of possession with intent to distribute heroin and cocaine base, one count of possession of a firearm by a previously convicted felon, and one count of possession of a firearm in furtherance of a drug trafficking crime.  On December 19, 2011, Defendant pleaded guilty to all counts with no plea agreement.

Defendant appeared on April 23, 2012, for sentencing. At that time, the court concluded -- based on prior convictions for larceny, assault and battery, and assault

and battery by means of a dangerous weapon -- that Defendant qualified as a Career Offender under the Sentencing Guidelines.  Accordingly, the court calculated the threshold sentencing range at 262-327 months.  Finding that this range overstated the seriousness of Defendant's criminal history and viewing the case in the totality of the circumstances (including Defendant's difficult upbringing, diminished capacity, and substance abuse difficulties), the court varied its sentence below the threshold range and imposed a prison term of 102 months.

Defendant has now moved pursuant to 28 U.S.C. § 2255 for re-sentencing based upon the considerations propounded in the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  The government implicitly concedes that, if Defendant were sentenced today, Johnson would bar his designation in the Career Offender category.  At a minimum, following Johnson, the convictions for larceny and simple assault and battery can no longer be considered as predicate convictions for this designation.

The government recognizes that the Johnson decision is retroactive in all cases brought under the ACCA.  Welch v. United States, 136 S. Ct. 1257 (2016).  It argues, however, that the constitutional analysis identified in Johnson should not be applied retroactively in a proceeding under 28

U.S.C. § 2255, where Defendant was sentenced under the Sentencing Guidelines, rather than the ACCA.

As the government notes, its position is unsupported by any circuit-level authority.  District court decisions have taken opposite approaches, some finding <u>Johnson</u> is applicable retroactively in challenges to guidelines sentences and some finding it is not.  <u>See</u> Dkt. 59, at 23-25.  The only First Circuit district court authority on this point is <u>United States v. Ramirez</u>, CR. NO. 10-10008-WGY, 2016 WL 3014646, -- F. Supp. 3d -- (D. Mass. May 24, 2016), which supports Defendant here.  Following the careful analysis dictated by the Supreme Court in <u>Teague v. Lane</u>, 489 U.S. 288 (1989), Judge Young concluded in <u>Ramirez</u> that in a guidelines context "<u>Johnson</u> constitutes a substantive rule that must apply retroactively."  <u>Id.</u> at *9.  This court agrees with Judge Young's well considered analysis and will apply <u>Johnson</u> to this challenge to Defendant's guidelines sentence on collateral review.

As a second line of defense, the government argues that, having failed at his sentencing to raise the issue he now asserts, Defendant must demonstrate "cause and prejudice" to justify asserting it now.  To the extent that the government is correct on this point, the court finds that Defendant has demonstrated both.  On the issue of

-3-

"cause," his claim satisfies the requirements for novelty set forth in <u>Reed v. Ross</u>, 468 U.S. 1 (1984).  <u>Johnson</u> explicitly overruled prior precedent and overturned longstanding and widespread -- indeed virtually unanimous -- prior authority.  Moreover, Defendant has made an adequate showing of prejudice.  Contrary to the government's assertion, he is not required to bear the burden of demonstrating that his state court conviction fell outside the category of violent offenses that qualified as predicates to support his Career Offender classification. The government must carry this burden, and it has acknowledged implicitly that it cannot do this.

Based on the foregoing, Defendant's Motion to Correct Sentence (Dkt. No. 51) is hereby ALLOWED.  The court's rationale for its decision should be clear, though admittedly its analysis here is somewhat bare bones.  This drafting approach has been necessitated by the importance of a prompt decision to avoid any risk that Defendant might suffer a loss of liberty based upon a sentence lacking constitutional support.  The clerk will set this case for re-sentencing as soon as possible to avoid the possibility that Defendant may remain confined beyond the limits of his appropriate post-<u>Johnson</u> sentence.

-4-

It is So Ordered.

/s/ Michael A. Ponsor
Michael A. Ponsor
U. S. District Judge